Larry D. Simons, CLS-B (CA Bar No. 179239)
*larry@lsimonslaw.com*
Frank X. Ruggier, CLS-B (CA Bar No. 198863)
*frank@lsimonslaw.com*
**LAW OFFICES OF LARRY D. SIMONS**
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
Telephone: 818.672.1778
Facsimile: 626.389.5607

Attorneys for Plaintiff, Nancy J. Zamora, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>HAYDE RODRIGUEZ BARAHONA,<br>an individual<br><br>Debtor. | Case No. 1:19-bk-12517 VK<br><br>Chapter 7<br><br>Adv. Proc. |
| NANCY J. ZAMORA, solely in her capacity as Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>HAYDE RODRIGUEZ BARAHONA, an individual; and JUAN MANUEL BARAHONA GARCIA, an individual<br><br>Defendants, | **COMPLAINT TO:**<br><br>**(1) OBTAIN DECLARATORY RELIEF AS TO ESTATE'S OWNERSHIP INTEREST IN REAL PROPERTY; AND**<br><br>**(2) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR**<br><br>[11 U.S.C. §§ 363(h) and 541(a)(2)]<br><br>DATE:  TO BE SET BY SUMMONS<br>TIME:  TO BE SET BY SUMMONS<br>PLACE: CTRM 301<br>21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |

For her Complaint for Declaratory Relief as to Estate's Ownership Interest in Real Property and to Authorize Sale of Property in Part by Non-Debtor (the "Complaint"), plaintiff, Nancy J. Zamora, the duly appointed, qualified and acting Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the estate of Hayde Rodriguez Barahona ("Debtor") hereby alleges and avers as follows:

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(b)(1) and § 1334(a) as this is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (K) and (O). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) and because this is a civil proceeding arising and/or related to the Debtor's chapter 7 case, styled In re Hayde Rodriguez Barahona, bearing Bankruptcy Case No. 1:19-bk-12517 VK, currently pending in the San Fernando Valley Division of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Case").

2. Plaintiff, Nancy J. Zamora (the "Trustee or "Plaintiff") is the duly appointed, qualified and acting Chapter 7 trustee of the bankruptcy estate (the "Estate") created in the instant chapter 7 Bankruptcy Case.

3. Debtor, Hayde Rodriguez Barahona ("Debtor") is the chapter 7 debtor in the Bankruptcy Case, and initiated this case by filing a voluntary petition for relief under Chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") on October 4, 2019 (the "Petition Date").

## PARTIES

4. Plaintiff brings this action solely in her capacity as Trustee for the benefit of the Estate and its creditors.

5. Plaintiff was appointed after the filing of the Debtor's chapter 7 case. As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to her appointment and, therefore, alleges all those facts on information and belief. Plaintiff reserves her right to amend this Complaint to allege additional claims against defendants.

6. Debtor is an individual residing within the jurisdiction of this Court.

7. Defendant, Juan Manuel Barahona Garcia ("Garcia") is an individual residing within the jurisdiction of this Court.

8. Debtor and Garcia were formerly husband and wife.

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

9. Plaintiff is informed and believes and, on that basis alleges that Debtor and Garcia purchased real property located at 8435 Burnet Avenue, Unit 203, North Hills, California 91343 (the "Property") on or around October 16, 2002 pursuant to a Grant Deed recorded in the Official Records of the Recorder's Office of Los Angeles County, California as document number 02-2422982 (the "Grant Deed").

10. At the time Debtor and Garcia acquired the Property via the Grant Deed they were married.

11. On October 30, 2011, the Los Angeles Superior Court entered a judgment of dissolution in the Marriage of Juan Manual Barahona Garcia and Hayde Rodriguez Barahona (the "Marital Dissolution Judgment"). The Marital Dissolution Judgment states that with respect to the Property, "[t]he parties acknowledge the family residence located at 8435 Burnet Avenue, Apt. 203, Los Angeles, CA 91343 is community property."

12. As of the Petition Date, the Property had not been sold, therefore no division of the Property as contemplated by the Marital Dissolution Judgment had occurred.

13. In Schedule A/B of her petition and schedules, Debtor listed her ownership in the Property. Debtor's Schedules also infer that Debtor only owns a fifty percent (50%) interest in the Property as reflected by the fact that in response to the question asking "Current value of the portion you own?" Debtor listed fifty percent of the total value of the Property.

14. The Trustee is informed and believes that Debtor contends that the other fifty percent (50%) interest in the Property is owned by Garcia.

## FIRST CLAIM FOR RELIEF
## FOR DECLARATORY RELIEF AS TO OWNERHSIP OF PROPERTY
## [11 U.S.C. § 541(a)(2)]

15. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 14 as though set forth in full.

///

16. The Grant Deed provides that Debtor and Garcia obtained title to the Property as "Juan Barahona and Hayde Barahona, Husband and Wife as Joint Tenants."

17. Plaintiff is informed and believes and on that basis alleges thereon that because the Martial Dissolution Judgment characterizes the Property as community property, the entire property is part of the Estate pursuant to 11 U.S.C. § 541(a)(2) not just the fifty percent (50%) interest alleged by Debtor.

18. The Trustee is informed and believes, and based thereon alleges that the Property was obtained while the Debtor and Garcia were married, therefore, the Property can be treated as community property and sold in its entirety by the Trustee in accordance with 11 U.S.C. § 541(a)(2) and in reliance on Valli v. Valli (In re Marriage of Valli), 58 Cal.4th 1396, 1400 (2014) (the bankruptcy court also determined that while avoidance of the transfers restored title to the couple as joint tenants, under California's community property presumption, the entirety of each property was recoverable by the estate.) and In re Obedian, 546 B.R 409 (Bankr. C.D. Cal 2016).

19. Plaintiff is informed and believes and on that basis alleges thereon that although the Marital Dissolution Judgment contemplated a division of sales proceeds from the Property between Debtor and Garcia, the fact that the Property was not sold as of the Petition Date mandates that the entire property became part of the Estate.

20. Plaintiff desires a judicial determination by this Court that the Property shall be treated as community property and sold in its entirety by the Trustee in accordance with § 541(a)(2) and in reliance on Valli and Obedian

## SECOND CLAIM FOR RELIEF
## TO OBTAIN APPROVAL FOR SALE OF REAL PROPERTY
## OWNED, IN PART IN PART, BY A NON-DEBTOR
## [11 U.S.C. § 363(h)]

21. Plaintiff realleges each and every allegation contained in paragraphs 1 through 20 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

///

22.     Based upon the current value of the Property and the outstanding debt against the Property as of the Petition Date, and taking into account, estimated costs of sale, the Property has gross equity of about $150,000.00, at least fifty percent (50%) of which constitutes property of the Estate.

23.     To the extent that Garcia is declared to have an ownership interest in the Property, Partition of the Property between the Estate and Garcia is impracticable.

24.     To the extent that Garcia is declared to have an ownership interest in the Property, the sale of the Estate's undivided interest in the Property would realize significantly less for the Estate than sale of the Property free of the interests of Garcia.

25.     To the extent that Garcia is declared to have an ownership interest in the Property, the benefit to the Estate of a sale of the Property free of the interests of Garcia outweighs the detriment, if any, to Garcia.

26.     The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

27.     By reason of the foregoing, the Plaintiff may sell the interest of Garcia in the Property pursuant to Section 363(h).

**WHEREFORE,** Plaintiff prays for judgment against Debtor and Garcia as follows:

ON THE FIRST CLAIM FOR RELIEF

1.      For a judgment by this Court that the Property shall be treated as community property and sold in its entirety by the Trustee in accordance with § 541(a)(2) and among other things, reliance on Valli and Obedian.

ON THE SECOND CLAIM FOR RELIEF

2.      To the extent that Garcia is declared to have an ownership interest in the Property, to obtain approval for the sale of the interest of Garcia, non-debtor in the Property pursuant to 11 U.S.C. § 363(h);

///

///

ON ALL CLAIMS FOR RELIEF

3. For attorney's fees; and

4. For costs of suit incurred herein; and

5. For such other and further relief as this Court deems just and proper.

Dated: 02/10/2020

**LAW OFFICES OF LARRY D. SIMONS**

    */s/ Larry D. Simons*
Larry D. Simons
Attorneys for Plaintiff, Nancy J. Zamora,
Chapter 7 Trustee

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

6
COMPLAINT TO: (1) OBTAIN DECLARATORY RELIEF AS TO ESTATE'S OWNERSHIP INTEREST IN REAL PROPERTY; AND (2) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br><br>Nancy J. Zamora, Chapter 7 Trustee | **DEFENDANTS**<br><br>Hayde Rodriguez Barahona and Juan Manuel Barahona Garcia |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>Larry D. Simons, Law Offices of Larry D. Simons<br><br>15545 Devonshire St., Ste. 110, Mission Hills, CA 91345<br><br>(818) 672-1778 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>XX Trustee | **PARTY** (Check One Box Only)<br>XX Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Declaratory Relief to Determine Estate's Interest in Real Property or to Authorize Sale of Property Owned in Part by Non Debtor

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| **FRBP 7001(1) – Recovery of Money/Property** | **FRBP 7001(6) – Dischargeability (continued)** |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| ☐ 21-Validity, priority or extent of lien or other interest in property<br>**7001(2) – Validity, Priority or Extent of Lien** | ☐ 65-Dischargeability - other |
| **FRBP 7001(3) – Approval of Sale of Property** | **FRBP 7001(7) – Injunctive Relief** |
| 2☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☐☐ 71-Injunctive relief – imposition of stay  72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | ☐ 81-Subordination of claim or interest |

| FRBP 7001(5) – Revocation of Confirmation | FRBP 7001(9) Declaratory Judgment |
|---|---|
| ☐ 51-Revocation of confirmation | ☐ 91-Declaratory judgment |
| FRBP 7001(6) – Dischargeability | FRBP 7001(10) Determination of Removed Action |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims  ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, | |
| ☐ 01-Determination of removed claim or cause  actual fraud  Other | |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny  ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq. | |
| (continued next column) | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought  Declaratory Relief and Judgment Authorizing Sale of Property | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR  Hayde Rodriguez Barahona | BANKRUPTCY CASE NO.  1:19-bk-12517 VK |||
| DISTRICT IN WHICH CASE IS PENDING  Central District of California | DIVISION OFFICE  Woodland Hills || NAME OF JUDGE  V. Kaufman |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE  02/10/2020 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)  Larry D. Simons, Attorney for Nancy J. Zamora ||